THE PEOPLE *ex. rel.* DAVID O'CALLAHAN, Appellant, *v.* STEPHEN B. FRENCH, *et al.*, Respondents.

*Court of Appeals*, Oct. 14, 1890.

Aff'g 55 Hun, 608, Mem.

1. *Municipal corporations. Police.*—The general term may, *it seems*, set aside the adjudication of the Commissioners of Police, on the merits, if, though there is some evidence to sustain it, the preponderance of proof is such that, if the facts had been found by a jury on the trial of an issue in the supreme court, the verdict would be set aside as against the weight of evidence

2. *Same.*—But, if there is no evidence whatever to sustain their adjudication, and their decision has been affirmed by the general term, the court of appeals can act, and will reverse the proceedings as for any other error in law

3. *Same.*—This court cannot review the decision of the general term as to the weight of evidence, and reverse it because said court may have reached a different conclusion.

Appeal from order of the general term of the supreme court, dismissing an order of *certiorari* to review the proceedings of the Police Commissioners, by which the relator was removed from the force, and affirming said proceedings.

*Louis J. Grant,* for appellant.

*D. J. Dean,* for respondents.

ANDREWS, J.—The explanation given by the relator of his conduct was not accepted by the commissioners. It was capable of another and damaging construction which, if taken to be the true one, justified a finding of neglect of duty. The commissioners, therefore, did not act without evidence to support their findings. This court, under these circumstances, has no power to interfere. There ought to be no misapprehension as to the function of this court in such cases. We have no power to review a finding upon controverted facts. We cannot act upon our view of what, under the circumstances, the decision ought to have been, provided there is enough in the record to warrant the finding of the commissioners. They are responsible for the discipline and efficiency of the force. The general term may set aside their adjudication on the merits if, although there may be some evidence to sustain it, the preponderance of proof is such that if the facts had been found by a jury on the trial of an issue in the supreme court the verdict would be set aside as against the weight of evidence. Code Civ. Pro., § 2140, subd. 5. But the review on the merits is ended with the decision of the general term.

On appeal to this court only questions of law can be considered. If there was no evidence whatever to sustain the adjudication of the commissioners, and their decision had been affirmed by the General Term, this court can act and will reverse the proceedings as for any other error in law. Otherwise we are concluded. We cannot review the decision of the general term as to the weight of evidence, and reverse it because we may have reached a different conclusion. This court cannot deal with the facts at all, except where they raise a pure question of law. We have repeatedly declared this rule, but the number of appeals in cases like this seem to indicate that it is not as yet fully understood. People *ex rel.* Masterson *v.* French, 110 N. Y.

494 ; 18 N. Y. State Rep. 231 ; People *ex rel.* Hogan *v.* Same, 119 N. Y. 493 ; 30 N. Y. State Rep. 67 ; People *ex rel.* Mc-Aleer *v.* Same, 119 N. Y. 503 ; 30 N. Y. State Rep. 72.
The order should be affirmed.

All concur.